UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAMILLE DAVIS,

        Plaintiff

    v.

METRO-NORTH COMMUTER RAILROAD,

        Defendant
---------------------------------------------------------------X

17 Civ.

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by her attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Nassau, and City of Baldwin.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to February 24, 2014, and at all times hereinafter mentioned, the defendant employed the plaintiff as a PEP Chief Clerk under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to February 24, 2014 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the ladies room located on the 12th Floor of the Graybar Building in New York, New York at the direction of and for the benefit of Metro-North Commuter Railroad.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

### JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On February 24, 2014, the plaintiff was working as a PEP Chief Clerk when she went to use the ladies room facilities and sat on the toilet located in the last stall when the toilet seat broke off and slid forward causing plaintiff to fall.

11. Plaintiff fell forward and towards the left and placing left hand on wall to brace herself.

12. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

13. Plaintiff's injuries include, but are not limited to, lumbago and lumbar radiculopathy.

## COUNT I
### Violation of FELA

14. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

15. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

16. On or about February 24, 2014, while the plaintiff, an employee of the defendant, was in the performance of her duties as a PEP Chief clerk at the Graybar Building, 420 Lexington Avenue, 12th Floor, New York, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

a. in failing to provide plaintiff with a reasonably safe place to work;

b. in failing to warn plaintiff of the defective toilet seat;

c. in failing to remove the defective toilet seat from service;

d. in failing to fix and/or repair broken toilet seat;

e. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

17. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

18. The plaintiff was damaged thereby in the sum of $250,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com