UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMILLE DAVIS,

                               Plaintiff,

    -against-

METRO-NORTH COMMUTER RAILROAD,

                               Defendant.

METRO-NORTH COMMUTER RAILROAD,

                        Third-Party Plaintiff,

    -against-

GRAYBAR BUILDING COMPANY and SL
GRAYBAR LLC, SL GREEN OPERATING
PARTNERSHIP, LP and SL GREEN REALTY
CORP.,

                      Third-Party Defendants.

**THIRD-PARTY COMPLAINT IN A CIVIL ACTION**

17 Civ. 1174 (NRB)(SN)

The defendant/third-party plaintiff, METRO-NORTH COMMUTER RAILROAD ("Metro-North"), by its attorney, Richard L. Gans, General Counsel for Metro-North, as and for its Third-Party Complaint, respectfully alleges upon information and belief, without admitting the allegations in Plaintiff's Complaint, the following:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST

**FIRST:** At all times hereinafter mentioned, the defendant/third-party plaintiff, Metro-North, is a public benefit corporation, doing business in the City and State of New York.

**SECOND:** Upon information and belief, at all times hereinafter mentioned, the third-party defendant, GRAYBAR BUILDING COMPANY ("Graybar") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** Upon information and belief, at all times hereinafter mentioned, the third-party defendant, Graybar transacted business within the State of New York.

**FOURTH:** Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SL GRAYBAR LLC, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

**FIFTH:** Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SL GREEN OPERATING PARTNERSHIP, LP, is a foreign limited partnership duly organized and existing under and by virtue of the laws of the States of Delaware and New York.

**SIXTH:** Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SL GREEN REALTY CORP., is a foreign corporation duly organized and existing under and by virtue of the laws of the States of Maryland and New York.

**SEVENTH:** Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SL GRAYBAR LLC, SL GREEN OPERATING PARTNERSHIP, LP and SL GREEN REALTY CORP., ("SL Green defendants") transacted business within the State of New York.

**EIGHTH:** That prior to this third-party action, the plaintiff commenced an action against defendant/third-party plaintiff Metro-North to recover for damages caused by alleged negligence. A true copy of the summons and complaint of the plaintiff in this action is attached as Exhibit "A" to this third-party complaint and made a part thereof.

**NINTH:** That attached to this third-party complaint as Exhibit "B" is the answer of the defendant/third-party plaintiff Metro-North.

**TENTH:** That the plaintiff by and for her complaint, incorporated herein without admitting the allegations therein, alleges that on or about the 24th day of February, 2014, she was caused to allegedly sustain personal injuries while working for Metro-North at 420 Lexington

Avenue in the City of New York, State of New York, ("the premises"), by reason of alleged negligence of the defendant/third-party plaintiff Metro-North in, *inter alia*, failing to provide the plaintiff with a safe place to work.

**ELEVENTH:** Upon information and belief, on and prior to the date of the alleged incident, the third-party defendants were the owners of the premises wherein plaintiff alleges to have been injured.

**TWELFTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, owned the aforesaid premises.

**THIRTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, leased the aforesaid premises.

**FOURTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, occupied the aforesaid premises.

**FIFTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, operated the aforesaid premises.

**SIXTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, managed the aforesaid premises.

**SEVENTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, controlled the aforesaid premises.

**EIGHTEENTH:** At all times herein mentioned, the third-party defendants, by

themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, reserved to themselves the right to enter, inspect, repair and/or maintain the aforesaid premises.

**NINETEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, supervised and/or had the right to supervise the aforesaid premises.

**TWENTIETH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, inspected and/or had the right to inspect the aforesaid premises.

**TWENTY-FIRST:** Upon information and belief, that at all times hereinafter mentioned, the third-party defendants, by themselves, their respective agents, tenants, licensees, servants, and/or employees, received written notice of the defective hazardous condition of the aforesaid area at least 15 days prior to the within occurrence.

**TWENTY-SECOND:** That for some period of time prior to February 24, 2014 third-party defendants caused, allowed, suffered and/or permitted there to exist and be present the condition alleged by plaintiff in her complaint without any knowledge on the part of third-party plaintiff.

**TWENTY-THIRD:** That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness, or negligence and/or breach of lease or warranty other than the plaintiff's own carelessness, recklessness, or negligence, said damages were sustained by reason of the carelessness, recklessness, or negligence and/or acts of omission or commission and/or breach of lease and/or breach of warranty and/or breach of warranty of habitability by the third-party defendants, their agents, servants, and/or employees; and if any judgment is recovered herein by the plaintiff against the

defendant/third-party plaintiff, then the third-party plaintiff will be damaged thereby and the third-party defendants are or will be responsible therefore in whole or in part.

TWENTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the third-party defendants, by themselves, their respective agents, tenants, licensees, servants, and/or employees, had an obligation imposed by the Administrative Code of The City of New York, the New York City Fire Code and the New York City Building Code to inspect, maintain and repair the aforementioned premises and to keep it safe, free of hazards and in a state of good repair so that same would not constitute a danger and a hazard to persons on or about the premises and specifically to this third-party plaintiff and to plaintiff.

TWENTY-FIFTH: That by reason of the foregoing, the third-party defendants will be liable to the third-party plaintiff in the full amount of a recovery herein by the plaintiff, or for that portion thereof caused by the relative responsibility of the third-party defendants, and the third-party defendants are bound to pay any and all attorneys' fees and costs of investigations and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS GRAYBAR BUILDING COMPANY and SL GRAYBAR LLC, SL GREEN OPERATING PARTNERSHIP, LP and SL GREEN REALTY CORP.,

TWENTY-SIXTH: Defendant/Third-Party Plaintiff repeats and reiterates the allegations contained in paragraphs FIRST through TWENTY-FIFTH as though more fully set forth herein.

TWENTY-SEVENTH: Defendant/Third-Party Plaintiff, to date, has paid all attorneys fees, costs, disbursements and other expenses incurred by it from the time of filing of the underlying DAVIS personal injury action.

TWENTY-EIGHTH: All expenses, etc., paid by Defendant/Third-Party Plaintiff for its defense in the underlying DAVIS action have been necessarily expended in good faith, in the absence of Third-Party Defendants' compliance with their obligations under their lease with

Defendant/Third-Party Plaintiff and/or through the insurance policies they acquired to defend and indemnify Metro-North in the underlying action.

**TWENTY-NINTH:** Payment of these expenses by Metro-North has directly benefited Third-Party Defendants because said Third-Party Defendants have wrongfully failed and refused to provide defense and/or indemnity to Defendant/Third-Party Plaintiff herein.

**THIRTIETH:** Third-Party Defendants have wrongfully denied and unjustly retained the benefit of the defense of Defendant/Third-Party Plaintiff Metro-North.

**THIRTY-FIRST:** Defendant/Third-Party Plaintiff Metro-North is entitled to a reasonable and legitimate expectation that the said Third-Party Defendants reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses expended in its defense in the underlying action, which is the obligation of the said Third-Party Defendants, and not the Defendant/Third-Party Plaintiff, to satisfy.

**THIRTY-SECOND:** Defendant/Third-Party Plaintiff duly demands that Third-Party Defendants assume the defense and indemnity of Metro-North and reimburse it for all attorneys' fees, costs, disbursements and other expenses.

**THIRTY-THIRD:** Defendant/Third-Party Plaintiff Metro-North has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of the Third-Party Defendants to reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses incurred by Metro-North in its defense in the underlying action.

**THIRTY-FOURTH:** Third-Party Defendants are liable to reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses, plus interest, incurred by Metro-North in its defense in the underlying action brought by DAVIS and judgment should be entered accordingly.

**WHEREFORE,** Defendant/Third-Party Plaintiff METRO-NORTH COMMUTER RAILROAD pray that these questions and issues be tried promptly and submit that the third-party

action herein is proper and meritorious since suit has been instituted by CAMILLE DAVIS and since Third-Party Defendants GRAYBAR BUILDING COMPANY and SL GRAYBAR LLC, SL GREEN OPERATING PARTNERSHIP, LP and SL GREEN REALTY CORP., herein have failed to provide indemnification and/or insurance coverage pursuant to their obligations set forth above which have all been to the detriment of the Defendant/Third-Party Plaintiff, and pray that the following declarations be made:

A. That Third-Party Defendants GRAYBAR BUILDING COMPANY and SL GRAYBAR LLC, SL GREEN OPERATING PARTNERSHIP, LP and SL GREEN REALTY CORP., are obligated to reimburse Defendant/Third-Party Plaintiff, METRO-NORTH COMMUTER RAILROAD for all attorneys' fees, costs, disbursements and other expenses incurred in its defense in the underlying action commenced by CAMILLE DAVIS and,

B. That the Defendant/Third-Party Plaintiff be granted such other, further, and different relief in the declaration of rights and legal limitations of the parties to this action as this court may deem just, proper and equitable.

Dated: New York, New York
May 12, 2017

RICHARD L. GANS
GENERAL COUNSEL
METRO-NORTH COMMUTER RAILROAD

By: Ioana Wenchell
Attorneys for Defendant/Third-Party Plaintiff
420 Lexington Avenue, 11th Floor
New York, New York 10170
212- 340-2203

TO: Marc T. Wietzke
Flynn & Wietzke, P.C.
1205 Franklin Avenue
Suite 370
Garden City, NY 11530
(516) 877-1234

GRAYBAR BUILDING COMPANY
SL GRAYBAR LLC,
SL GREEN OPERATING PARTNERSHIP, LP and
c/o National Registered Agents, Inc.
111 Eighth Avenue
New York, New York 10011

SL GREEN REALTY CORP.,
420 Lexington Avenue
New York, New York 10170